Citation Nr: 1527837 
Decision Date: 06/29/15 Archive Date: 07/09/15

DOCKET NO. 10-07 476 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Indianapolis, Indiana


THE ISSUE

Entitlement to service connection for glaucoma, claimed as related to an in-service eye injury. 


ATTORNEY FOR THE BOARD

T. M. Gillett, Counsel


INTRODUCTION

The Veteran served on active duty from November 1979 to April 1980.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a December 2008 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Indianapolis, Indiana. 

In December 2014, the Board remanded the claim on appeal and a separate claim for service connection for posttraumatic stress disorder (PTSD). In an April 2015 rating decision, the Agency of Original Jurisdiction (AOJ) granted the claim of service connection for PTSD. As the April 2015 rating decision fully granted that particular claim, that issue is no longer in appellate status and is not before the Board.

This appeal was processed using the Veterans Benefits Management System (VBMS) and "Virtual VA" paperless claims processing systems. Accordingly, any future consideration of this case should take into consideration the existence of this electronic record.

The appeal is REMANDED to the AOJ. VA will notify the appellant if further action is required.


REMAND

In the December 2014 Remand, the Board requested that the AOJ provide an examination to determine the etiology of the Veteran's claimed glaucoma disorder. In a March 2015 VA medical examination report, a VA examiner stated that it was less likely than not that the Veteran's glaucoma was caused by an in-service injury because he did not see any service treatment records indicating an injury. In writing this opinion, the examiner did not make any comment regarding the Veteran's lay accounts of his in-service injuries. Therefore, a remand for an additional medical opinion is necessary.

Accordingly, the case is REMANDED for the following action:

1. Procure an additional medical opinion from the author of the March 2015 VA medical examination report or another qualified examiner. The examiner to be provided with access to the VBMS and Virtual VA systems. If the examiner believes that another examination is required, it should be provided. 

After a review of the record, to include all relevant medical records and the Veteran's account of his lower back condition, the examiner should then respond to the following:

Is it at least likely as not (50 percent probability) that the Veteran's glaucoma was caused by, or is otherwise related to, the Veteran's active duty service?

In reviewing the file, the examiner should note both the evidence included in the service treatment records and the Veteran's statements regarding his in-service injuries, specifically suggesting that he experienced cigarette burns to the eyes. The examiner should comment on whether the statements and treatment records indicate that an in-service injury likely resulted in the development of glaucoma, diagnosed in 1991. 

2. Readjudicate the claim on appeal. If the claim continues to be denied, send the Veteran and his representative a SSOC and give him opportunity to submit additional evidence and/or argument in response before returning the appeal to the Board for further appellate consideration.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
KELLI A. KORDICH
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).